**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRITTON ESPOSITO, CHRISTIAN FRESNO, BENJAMIN KUTYLO, ALLYSON ESPOSITO, AND ALLYSON ESPOSITO AS MOTHER AND NEXT FRIEND OF JANIE DOE, A MINOR,<br><br>        Plaintiffs,<br><br>      v.<br><br>AIRBNB ACTION, LLC; AIRBNB PAYMENTS, INC.; AIRBNB, INC.; PUERTO PANAL FARM CLUB PROPERTY ASSOCIATION AND ASSOCIATION BOARD, MATIAS JOSE FERNANDEZ, LINDSAY OLSON, AND OTHER OWNER(S) AND/OR AIRBNB HOSTS OF FARM HOUSE CHAKRA 82, BUENOS AIRES, ARGENTINA,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  1:20-cv-2713<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW, the Plaintiffs, BRITTON ESPOSITO ("Britton"), CHRISTIAN FRESNO ("Christian"), BENJAMIN KUTYLO ("Benjamin), ALLYSON ESPOSITO ("Allyson"), and ALLYSON ESPOSITO AS MOTHER AND NEXT FRIEND OF JANIE DOE A MINOR ("Toddler Janie Doe") (jointly, "Plaintiffs"), by and through their counsel Nicholas F. Esposito and Bradley K. Staubus, and for their Complaint against Defendants (jointly "Defendants") and each of them: AIRBNB ACTION LLC ("AIRBNB Action"), AIRBNB PAYMENTS, INC. ("AIRBNB Payments"), AIRBNB, INC. ("AIRBNB"); PUERTO PANAL FARM CLUB PROPERTY ASSOCIATION AND ASSOCIATION BOARD ("Farm Club"); MATIAS JOSE FERNANDEZ ("Fernandez"), LINDSAY OLSON ("Olson") OWNER(S)/HOSTS ("Host(s)") of FARM HOUSE CHAKRA 82, BUENOS AIRES, ARGENTINA ("Farm House"); and allege as follows:

## SUMMARY

1. The Airbnb Platform is an online marketplace that enables registered users ("**Members**") and third parties ("**Owners/Hosts**") offering real estate rental services ("**Host Services**") to publish on and through the Airbnb Platform ("**Listings**") such real estate rentals in communication through AIRBNB to AIRBNB Members that are seeking to book such Host Services. Members using Host Services are "**Guests**".  Host Services may include the offering of vacation or other properties ("**Accommodations**"), single or multi-day usage ("**Experiences**"). See, https://www.airbnb.com/terms?source=tos.

2. Britton and Christian became wife and husband on November 14, 2019 in Buenos Aires, Argentina (the "Wedding") in the presence of Benjamin and Allyson and their daughter Toddler Janie Doe, a minor, and others.  Several days later, on November 21, 2019, Allyson through AIRBNB made a several-day Guest reservation to rent the Farm House, Chakra 82, Buenos, Argentina, located in a remote gated and guarded community outside Buenos Aires. It is advertised as such by AIRBNB.  Anyone entering the property by vehicle would have to do so through the main gate and past two security guards.

3. Near midnight of November 21, 2019, Britton, Christian, Benjamin, Allyson and Toddler Janie Doe were in the quiet of the AIRBNB rental Farm House.  Four (4) masked men dressed in black carrying guns and knives ("Assailants") entered the Farm House, tied and gagged Plaintiffs, and held them hostage for more than three (3) hours. Plaintiffs were assaulted, battered, robbed and traumatized, causing physical, emotional and financial damage**.** The security company was hired by Defendant Hosts and Farm Club. The two security guards had not been held hostage, nor injured and, on information and belief, were considered accomplices.

4.     The events directly resulted from Defendants' collective and separate negligence, misrepresentation, deception and misfeasance about the property's safety and management.

## JURISDICTION AND VENUE

5.     Article III, Section 2 of the United States Constitution extends the judicial power of federal courts to "all Cases … between a State, or the Citizens thereof, and foreign States, Citizens or Subjects."

6.     This Court also is given jurisdiction of this matter under 28 U.S.C. § 1332(a), which provides for jurisdiction over citizens of a State and citizens or subjects of a foreign state where the amount in controversy exceeds $75,000.  Complete diversity exists as here with foreign parties on both sides of the litigation under section 1332(a)(3) as there are citizens of the United States on both sides.

7.     The amount in controversy in this matter exceeds $75,000.

8.     This Court has personal jurisdiction over the Defendants because they have sufficient contacts in Illinois, and the rest of the United States, to render the exercise of jurisdiction by this Court permissible. The conduct of Defendants described below arises out of commercial activities that have caused a direct effect in the United States and in the State of Illinois, including, but not limited to: (1) operation of a real property rental system headquartered in San Francisco, United States of America, and in every state of the United States and in foreign countries worldwide including Buenos Aires, Argentina; (2) and the operation of traditional and social media platforms for commercial gain worldwide including in the United States and Argentina.

9.     Pursuant to 28 U.S.C. § 1331, this Court also has federal question jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States.

10. Pursuant to 28 U.S. Code § 1367, this Court also has supplemental jurisdiction over Plaintiffs' state claims set forth herein that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because there are sufficient contacts in the United States and Illinois to render the exercise of jurisdiction by this Court permissible.

Plaintiffs Britton, Allyson and Allyson's daughter Toddler Janie Doe, and Benjamin are citizens of the United States. Britton is domiciled in Cook County, Illinois and attends school in Argentina. Plaintiff Christian is a citizen of Argentina.

Defendant AIRBNB is headquartered in California. AIRBNB is registered to do business in the State of Illinois and does business in Illinois including in Cook County, Illinois. Defendant Farm Club is a citizen of Argentina. Defendant Fernandez is a citizen of Argentina. Defendant Olson is a citizen of Argentina and the United States domiciled in Argentina.

## PARTIES

12. At all times material hereto, Defendant AIRBNB, INC. is a for-profit Delaware corporation with its corporation headquarters in San Francisco, California, and doing business in every of the United States, including Illinois and throughout the world including Argentina; and at all times relevant hereto:

a) advertised, promoted, and rented real properties located in Buenos Aires, Argentina, throughout the United States, and the world;

b)     authored, publicly published and sent advertisements, information and emails that promoted primarily short-term rental properties including the Property to the public at large and recipients in Illinois, the United States and in Argentina; and

c)     promoted its dedication to the safety of its property rentals.

13.     Defendant AIRBNB ACTION, LLC is licensed to do and does business in Illinois, and is wholly owned by its sole shareholder AIRBNB, INC.

14.     Defendant AIRBNB PAYMENTS, INC. is licensed to do and does business in Illinois, and is wholly owned by its sole member AIRBNB, INC.

15.     Defendants AIRBNB ACTION, LLC, AIRBNB PAYMENTS, INC., and AIRBNB, INC. are hereinafter jointly referred to as "AIRBNB."

16.     At all times material hereto, Defendant Farm Club is advertised by Defendants, including AIRBNB, as a gated community homesite with security guards located just outside Buenos Aires, Argentina in which, through AIRBNB, its homesite owners as the "Hosts" globally market, promote, and rent the homesite as a vacation rental unit.

17.     Olson is a citizen of Argentina and the United States and domiciled in Argentina. Fernandez is a citizen of Argentina. Fernandez and Olson are residents of Argentina. At all times material hereto, Defendants Fernandez and Olson were owners and AIRBNB Hosts of the Farm House within the Farm Club in which as the "Hosts", through AIRBNB globally marketed, promoted, and rented the Farm Club as a vacation rental unit, and did rent the Farm Club to Allyson.

18.     Britton is citizen of Cook County, Illinois, United States of America, a resident of Buenos Aires, Argentina where she attends school, and is the wife of Christian.

19.     Christian is a citizen and resident of Buenos Aires, Argentina and is the husband of Britton.

20.     Benjamin is a citizen and resident of Benton County, Arkansas, United States of America, the husband of Allyson and the father of Toddler Janie Doe.

21.     Allyson, individually and as mother and next friend of Toddler Janie Doe, is a resident of Benton County, Arkansas, United States of America.

22.     Plaintiffs are informed and believe that, and therefore allege, that at all times herein, Defendants, and each of them, were principals, agents, servants, employees, and/or joint venturers or acting in concert, and that each of them when acting as a principal were negligent in the selection, hiring, training, control, and supervision of each and every other defendant as agent, servant, employee and/or joint venturer.

23.     At some or all relevant times herein, each Defendant was the agent of each other, acting within the scope of such agency, and ratified the conduct of the other Defendants, with active or constructive knowledge of such conduct.

**Background and Overview of Defendant, AIRBNB Operations**

24.     AIRBNB launched its business operation in 2009 and has grown to service approximately six million travelers per year by advertising, promoting, listing, and renting approximately 800,000 properties owned by third parties in approximately 100,000 cities all over the world. Per Defendant, AIRBNB, there are nearly 6 million listings in 191 countries made available through these services.

25.     Defendant, AIRBNB, operates as a brokerage marketplace that coordinates for property owners called "Hosts" their properties or spare rooms or units available for rent to customers called "Guests".

26.     Defendant, AIRBNB, earns a percentage commission of every booking.

27.     Defendant, AIRBNB, solicits information from hosts and guests and combines that information with AIRBNB-created content to generate a listing in a standardized AIRBNB format developed by AIRBNB and governed by AIRBNB's Content Policy to promote and advertise and list properties based on search criteria including, as here, such distinctions as whether the property provides from a shared room to an entire house, to having a swimming pool, to having a washing machine and, as here, that the property is located in a "gated community." There are photos of the property, the hosts/guests, and full map listing of the community entry gate and the house location.

28.     Once a prospective Guest requests a booking, AIRBNB collects an advance payment or rent on behalf of the owner/Host for the entire duration of the lease, including a security deposit.

29.     AIRBNB advertises,

**Trust & Safety**

On any given night, 2 million people stay in homes on AIRBNB in 100,000 cities all over the world. There are more than 6 million listings in 191 countries to choose from—that's more than the top five hotel chains combined.

**Your safety is our priority**
What makes all of that possible? Trust.

**Safety by design**
AIRBNB is designed with safety—both online and off—in mind.

See, https://www.AIRBNB.com/trust.

30.     AIRBNB holds itself out as "a trusted community marketplace" and in its advertising uses the words "safety", "trust", "home" and "trusted community" repeatedly on its website expecting customers to "trust" that "safety" measures actually exist and to create a false sense of security, but does not disclose whether or not it and its Hosts actually engage in safety measures such as background checks on Hosts, gated communities, community security, community trust and/or safety.  Here, all Defendants, including AIRBNB, created a heightened

sense of security and safety by advertising that the Farm House was located within a gated community

31.     Just a few days before the events described herein, AIRBNB published the following article about a tragic California incident in an AIRBNB rental:

> In The Business Of Trust
> **By AIRBNB · November 6, 2019**
> Company, Policy
> *Earlier today, AIRBNB Co-Founder, CEO and Head of Community, Brian Chesky, shared the following email with global employees.*
> **Subject:** In the business of trust
> Hey team,
> AIRBNB is a business fueled by trust. When we started AIRBNB in 2008, people said it would never work. "Strangers will never trust one another," they said. But we believed that people are fundamentally good, and that we could design a system for strangers to trust one another. Our real innovation is not allowing people to book a home; it's designing a framework to allow millions of people to trust one another. Trust is the real energy source that drives AIRBNB and has enabled us to scale our platform to 191 countries and to more than 600 million members.
> **But recently, events by bad actors on our platform took advantage of that trust, including at a home in Orinda, California. We intend to do everything possible to learn from these incidents when they occur.**
> People need to feel like they can trust our community, and that they can trust AIRBNB when something does go wrong. **Today, we are making the most significant steps in designing trust on our platform since our original design in 2008. Our update entails four solutions.**

32.     AIRBNB advertises and represents that its Trust and Safety department has offices in various cities such as San Francisco, Portland, Dublin and Singapore, and that it includes 24/7 response agents, data scientists, product managers, crisis managers, and victim-advocacy specialists, along with privacy, cybersecurity, insurance, and fraud experts, among others. Here, not one 24/7 response agent, data scientist, product manager, crisis manager, victim-advocacy

specialist, or privacy, cybersecurity, and fraud expert contacted Plaintiffs, despite police reports having been filed.

33. AIRBNB also represents that it conducts risk scoring of each AIRBNB reservation and screens all hosts and guests against regulatory, terrorist, and sanctions watch lists. https://news.AIRBNB.com/in-the-business-of-trust/.

34. AIRBNB's promotion of Argentina rentals equally represents and includes a link for Trust and Safety. See, https://www.AIRBNB.com/s/Argentina.

35. While there is generally no duty to protect others from the criminal activity of third persons, when a duty to protect others against such criminal conduct has been assumed, liability may be created by the negligent breach of that duty.

> a) Dean Prosser, in examining responsibility for intentional torts, explains situations which may give rise to liability. In his treatise he writes:

> > There are, however, other situations, in which either a special responsibility resting upon the defendant for the protection of the plaintiff, or an especial temptation and opportunity for criminal misconduct brought about by the defendant, will call upon him to take precautions against it. ***The responsibility for protection may arise out of a contract, by which the defendant has agreed to provide it; or it may be founded upon some relation existing between the parties***, such as carrier and passenger, **innkeeper** and guest, ***invitor and business visitor***, school and pupil, employer and employee, landlord and tenant, and no doubt others. The carrier, for example, may be required to protect its passengers from third persons who have threatened them with violence, or are drunk or quarrelsome, or to guard or warn them against external attack or look after its switches in a neighborhood which is known to be frequented by criminal characters. **Another possibility is that the defendant's special responsibility may arise because he is in a position to control the dangerous person, or is in some other unique position to prevent the harm, and so may be held to have an obligation to exercise reasonable care to do so.** (Emphasis supplied).

> > *Prosser and Keeton on Torts*, Sec. 33, p. 201–203 (West).

b) AIRBNB's business involves sending its innkeeper business invitee Guests directly into premises owned and controlled by persons unknown to the Guests, thus Guests can only rely upon ARIBNB's representations of trust and safety, a cornerstone of its business.

c) For this service AIRBNB is compensated and earns profits.

d) AIRBNB's duty in these situations is to exercise reasonable care and due diligence of an innkeeper with respect to those premises which it promotes and represents on its website

e) Here, AIRBNB represented that the subject property had an even higher level of security and safety in that it is in a gated community, that there is a security gate at the entrance, and that there is monitoring throughout the rental neighborhood.

f) AIRBNB has recognized these duties and made express representations about "Trust and Safety" to prevent harm to its Member customers and to induce it Member customers to rent real estate based upon a sense of Trust and Safety.

36. As part of its business strategy to earn profits from both Hosts and Guests, Defendant, AIRBNB, expressly advises and represents to consumers:

a) that "Trust & Safety" and "Your safety is our priority," see https://www.AIRBNB.com/trust;

b) that Defendant, **AIRBNB, provides "Safety by design"** and that "**AIRBNB is designed with safety—both online and off—in mind**," see https://www.AIRBNB.com/trust;

c) that Defendant, **AIRBNB, provides "Risk scoring"** and that "**Every AIRBNB reservation is scored for risk before it's confirmed. We use predictive analytics and machine learning to instantly evaluate hundreds of signals that help us flag and investigate suspicious activity before it happens,**" see https://www.AIRBNB.com;

d)  that Defendant, **AIRBNB, provides "Watchlist & background checks**" and **"globally we run hosts and guests against regulatory, terrorist, and sanctions watchlists"** and **"we also conduct background checks**," see https://www.AIRBNB.com/trust];

e)  that "…[E]very traveler has our global community to rely on. If they want to see what previous guests have thought about a potential host or home, all they need to do is check the ratings and reviews. Guests and hosts publicly review each other, and only after the stay is complete, so the feedback is informed and real";

f)  that **"AIRBNB is committed to earning the trust and ensuring the safety and security of its global community**";

g)  that **"AIRBNB's commitment to the safety and security of guests and hosts includes a global team of safety and security experts and a full range of safety practices including reviews, insurance, a host guarantee, and 24/7 global response and assistance**";

h)  that **"At the foundation of that commitment is AIRBNB's robust Trust and Safety team, which is comprised of a range of 24/7 response agents, engineers, data scientists, product managers, designers, law-enforcement liaisons, crisis managers, and victim-advocacy specialists. That's in addition to the company's deep bench of experts in policy, privacy, cyber security, insurance, and fraud issues;**"

i)  that Defendant, **AIRBNB, presents Nick Shapiro** to the consuming public as the **"Global Head of Trust and Risk Management at AIRBNB"**. Promotional materials generated by Defendant, AIRBNB, provide that "**Shapiro previously served as the Deputy Chief of Staff of the CIA and Senior Advisor to former CIA Director John Brennan. He was also on the National Security Council staff and served as a White House homeland security and counter terrorism aide to President Obama;**"

j)      that Defendant, **AIRBNB, and Shapiro "…work day in and day out to mitigate…risk" and "build a safe and trusted environment for travelers**.";

k)      that Defendant, **AIRBNB, maintains that "First, safety is fundamental. …Next, we need to maximize transparency so that travelers know exactly what they're getting**…. Finally, we need our community to know they are not alone—no matter what happens— we have a dedicated team standing by 24/7 to help resolve any issues that might arise…. **[W]ith AIRBNB, they are safe**….";

l)      In an interview with Bloomberg News, Mr. Shapiro expressly stated that:

(i) while consumers are experiencing "a crisis of distrust" in mainstream institutions,

(ii) "they're [consumers are] trusting each other more" and that "**AIRBNB was designed specifically…to leverage that new phenomenon**…."

(https://www.youtube.com/watch?v=b5_vknirzSw);

m)      Defendant, AIRBNB, maintains "Global hospitality standards" and requires that "All hosts must maintain a minimum rating and our hospitality standards to be on AIRBNB". https://www.AIRBNB.com];

37.     Defendant, AIRBNB, processes all payments that comprise the listing, renting, booking, and payment for the properties.

38.     Defendant, AIRBNB, sets the price of listings with a "Smart Pricing" algorithm that automatically adjusts prices to match demand.

39.     Defendant, **AIRBNB, keeps the property location "confidential until a booking is confirmed"** and then Defendant, **AIRBNB, itself discloses the address to the guest, thus preventing the guest from performing his/her own due diligence and investigation.**

40.    **Defendant, AIRBNB, actively conceals the full identities of owner "Hosts."**

41.    Defendant, **AIRBNB, does NOT warn "guests" of all negative circumstances and incidents that it becomes aware of by third-party reporting.**

## This AIRBNB Reservation

42.    Defendant, the Farm Club, is a multi-homesite gated community.

43.    The Farm House and AIRBNB expressly promote that the location has qualified security guards at the entry gate who monitor the property in security vehicles. The community's roads even have speed limits.

44.    Plaintiffs Britton and Allyson are biological sisters.

45.    Britton and Christian became husband and wife on November 14, 2019 in Buenos Aires, Argentina (the "Wedding").   Benjamin, Allyson and Toddler Janie Doe attended the Wedding.

46.    Thereafter, Allyson, through AIRBNB, made a reservation to rent the Farm House at the Club on November 21, 2019 for herself as Guest and the other Plaintiffs as business invitees, albeit only Allyson executed the AIRBNB agreement. AIRBNB knew the identities of all Plaintiffs as **AIRBNB required the passport numbers of all Plaintiffs in advance**.

47.    AIRBNB advertised the Farm House as follows:

> One hour from Buenos Aires, on 5 acres, housing 6 guests, 4 bedrooms, 7 beds, 2.5 baths, private pool, WIFI and the television, Netflix, indoor stairwell slide, one-of-a-kind finishing details and pieces, **hosted by Lindsay** with a 100% 5-star location and experience rating. The neighborhood, Puerto Panal, has a large community pool, restaurant walking and riding paths, polo field, tennis courts, access to the river, "tons of tons of privacy and open views. **(O)ur property is <u>within a gated farm club.</u> <u>There is security gate at the entrance</u> and <u>monitoring throughout the</u> <u>neighborhood.</u>** The streets have speed monitoring and infractions will occur fines for speeds over 30 km per hour.  If you plan to have day visitors, we allow up to 4 visitors with prior approval. **We will need the names and document numbers of each person in your group (including visitors) to**

**allow them access into to the neighborhood.** The neighborhood also requires the renter to sign a rental contract/reglamento de convivencia before arrival. Our neighborhood requires that all renters sign a rental contract/ reglamento de Convivencia prior to rental date and **bring the signed copy at check-in to the entrance of the neighborhood. Renters must also provide names and DNI of every person in their party. (Emphasis supplied).**

48.     The AIRBNB posting included the following Farm House photos:

Photo A



Photo B



Photo C



Photo D



49.     The Plaintiffs traveled to the Farm Club via hired vehicle ("Cab"), the roof and trunk loaded with luggage and supplies.

50.     Upon entering the Farm Club's entry drive, the drive forked right and left. They were directed to the left drive up and a lowered striped gate in between two guard houses.

51.     The Cab stopped at the lowered gate. Two security guards ("Guards") were present, one inside the left guard house and one outside between the left guard house and the Cab. On

information and belief, Plaintiffs are informed and belive that the security company and the Guards were employees or independent contractors and the agents of Defendants and each of them.

52.     The outside guard approached and requested and noted the driver's personal and vehicle identification. AIRBNB and Hosts require passport names, photos and numbers several days before arriving at a rental. The security guards required identification at the gate. Plaintiffs' identities were provided at the gate. The Guard(s) did not otherwise require presentation of passports or other personal identification.  The Guards were aware that most Plaintiffs were from the U.S. Defendants and each of them failed to assure the security of their identities vis-à-vis the security company and the Guards and from being disseminated to the Assailants.

53.     AIRBNB rental contract stated no guns or weapons.  The Guards made no inquiry about guns or weapons.

54.     The AIRBNB rental form states that there would be keys. The Guards provided no Farm House keys or other entry devices.  Plaintiffs found the Farm House sliding doors open and no keys.

55.     The only publicly known and available entry into the gated community is through the guarded main gate.

56.     In addition to the gated community and the Guards, the Farm House had security cameras providing Plaintiffs an additional [false] sense of security.  After the hostage taking, the Hosts told Plaintiffs that the Farm House security cameras were fake, but that they were thereafter going to install actual fully operational high-tech security system.

57.     Near midnight, Toddler Janie Doe was asleep. Plaintiffs Britton, Christian and Allyson were in the family room depicted in Photos B and C having casual conversation.  Benjamin was in the kitchen making snacks for the group.

58.     As Benjamin walked out of the kitchen and down the hall to the family room, he came face-to-face with four men wearing black clothes and their faces fully masked (the "Assailants"). The Assailants carried guns and knives. Benjamin tried to order them to stop. They ignored him and pushed him into the family room with Britton, Christian and Allyson.

59.     The Assailants seemed to know the lay-out. They knew where the light switches were and turned off the lights.

60.     Two of the Assailants, while pointing guns at her, aggressively took Allyson by the arm into one of the back bedrooms. There, she offered them her wallet, her passport, her computer, and anything she could find of value. They took the cash in her wallet and left everything else. They aggressively shoved Allyson into the main room and onto the floor with Britton and Christian.

61.     Allyson, Britton, Christian's arms were tightly yanked and pulled behind their backs. Their arms and hands were bound together at the wrists by copper wire tightly secured, physically brutalizing them. The Assailants pulled at the bottom of Britton and Allyson's pant legs causing them to believe they would be sexually assaulted. Britton screamed. The Assailants removed Britton's socks and stuffed them into her mouth. The Assailants ripped some fabric and tightly covered and bound Allyson's mouth, tying the fabric in a knot behind her head. The Assailants, a second time, tightly bound their wrists inflicting further torture.

62.     In the meantime, two of the Assailants took Benjamin to one of the bedrooms. Benjamin removed his and Allyson's passports, cell phones computers and the Argentine money that they had from their bags and offered them to the Assailants. They continued to demand more money and insisted that Benjamin was lying and hiding additional U.S. dollars. For about one hour or more, the Assailants threatened and tormented Benjamin with loaded guns pointed at his head. They showed Benjamin bullets in a gun. One Assailant hit Benjamin on the head with his gun

handle causing an open headwound with blood running down Benjamin's face and neck. They Assailants placed bolt cutters on a finger and threatened to cut Benjamin's finger off multiple times if he did not give them U.S. dollars. The other Plaintiffs, including Allyson (Benjamin's wife), heard everything from the living room. The Assailants kept demanding U.S. dollars, took other personal property, and destroyed cell phones.

63.     A bloodied and wounded Benjamin was brought back to the living room floor and laid on the floor next to the others. Blood from Benjamin's head pooled on the floor. They ripped a piece of cloth and tied a gag around Benjamin's neck and in his mouth. One of the Assailants put the point of his knife into Benjamin's side and continued to demand U.S. dollars. They again threatened to cut off a finger with bolt cutters. Another Assailant painfully removed Benjamin's wedding ring from his swollen finger while his hands were tied behind his back.

64.     In the room where Toddler Janie Doe lay sleeping, Allyson kept a baby monitor which they could clearly hear in the main room. They could hear what was going on in the back of the house, and specifically in Toddler Janie Doe's room. The Assailants upended the entire house, frequently moving into and out of the main room for long periods of time and could hear crashing and banging including in Toddler Janie Doe's bedroom brutally frightening and tormenting Toddler Janie Doe's parents.

65.     All Plaintiffs lay on the main room floor and were tormented for many excruciating and physically and emotionally painful hours, gagged and with arms and hands tightly bound behind their backs and arms and hands. For hours they could not go to the bathroom and soiled themselves. They could not move their arms or even stretch their legs and bodies. They were in fear of severe injury and death.

66.     During the Assailants' terrifying taunting and threats they also mocked Plaintiffs. In Spanish they told Plaintiffs, "You guys are fucked, the security guards sold you out." They said, "We are going to go to neighbor next." (Later, the guards were interrogated by the police and arrested. The police confirmed to Britton that the guards were in fact in on it).

67.     Allyson and Benjamin were in desperate fear for their daughter's safety, and repeatedly asked about Toddler Janie Doe. The Assailants responded to the Toddler's mother Allyson that they were going to "dump her [the Toddler] in a field." Christian and Britton in Spanish cried out and begged for their niece Toddler's safety.

68.     After about three hours, the Assailants had left the living room.  It was still dark. There was no noise.  Plaintiffs all remained on the floor in silence.  Then, hearing no one, Christian called out in Spanish, "Anybody still there?"  Christian painfully stretched and loosened the wires on his wrists and freed himself.  He untied Britton who had an injured wrist, who in turn untied Allyson who also complained of an injured wrist and right thumb and forefinger, who in turn crawled and untied Benjamin.  Because they did not know whether the Assailants were still present, they kept their hands behind their backs and remained silent.

69.     Christian found his cell phone, unbroken.  He quietly called 911.  He informed the officer that they were being held hostage; that he thought the Assailants still may be on the site; and that they had no way of escape.  The officer said they would call back but did not.

70.     Christian called 410 for an "immediate healthcare ambulance." Britton used Christian's phone to call the US Embassy in Buenos Aires. She explained the situation and begged to be rescued. She was told they could not send a US Marine unit.

71.     Christian called a different police department. They took over an hour to arrive.

72.     In the interim, Christian called the cab driver that delivered them to the property. He was a friend. He lived about one hour away but immediately got in the cab to help.

73.     Plaintiffs fear turned to hope when a security car with a roof light drove close to the Farm House building. The car stopped and sat there for a while with a flashing light on. They were not sure who it was. A security guard exited the vehicle, approached the Farm House, and peeked into the sliding door windows (even though AIRBNB and Hosts promise safety and privacy to its guests). No one, including security guards, had permission to, nor would have reason to, look into the windows and doors. It was dark inside. The security guard got back into his car and left.

74.     Briton could not feel her hands. Her right hand was in great pain. She would up with nerve damage. Her injury later caused her to be unable to work and also to attend medical school.

75.     Allyson could not feel her hands, and her thumb seemed to be dangling. She had nerve damage. Her injury later caused her to be unable to work and care for her toddler daughter.

76.     Benjamin was dazed and suffering from his head wound. He would later require stiches and has a permanent scar and loss of hair at the scar.

77.     Plaintiffs decided they had to try and escape. Britton wanted to go out into the bush. Allyson wanted to make a run to the nearest neighbor whom she saw walking his dog earlier in the day. Allyson quickly awakened her daughter and put on her whatever warm clothes she could find.

78.     They all prepared to exit and run. Britton and Christian were first to exist and lead the way. As they did, they were stunned and panicked in the dark by people pointing guns at them and yelling to get down on the ground. It was the police. They slowly approached and realized they were the victims. Eventually, at the same time the cab driver arrived, an ambulance with paramedics, and more police and a detective arrived.

79.     Plaintiffs were consoled. Benjamin's head wound was minimally treated.

80.     The security guards were brought into the Farm House which upset the Plaintiffs. Britton saw one of the security guards turn his head while whispering into a cell phone. Britton yelled at the police to take the security guard's phone away because the Assailants said they were accomplices. The police confiscated the security guards' phones.

81.     A well-dressed man also arrived.  He said he was a representative of the property community. He was overly apologetic to the Plaintiffs and begged them to not make a police report.

82.     Plaintiffs eventually went to two Buenos Aires hospitals for treatment, Benjamin for his head wound.  One day later, one of the AIRBNB property Hosts delivered Plaintiffs remaining personal belongings to Christian. The Host said the security guards were fired and arrested. He apologized. That is when he also informed Christian that the security cameras were fake.

83.     This Court has jurisdiction over the subject matter of this claim for damages in an amount in excess of $75,000, exclusive of all costs, interest and attorneys' fees.

**COUNT I**
**BRITTON ESPOSITO - NEGLIGENCE**
**AGAINST DEFENDANTS FERNANDEZ AND OLSON**

84.     Plaintiff Britton Esposito re-alleges and incorporates paragraphs 1-83 and makes them paragraph 84 hereof.

85.     At all times material hereto, Defendants Fernandez and Olson owed a duty to maintain its premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

86. At all times material hereto, Defendants Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

87. Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Fernandez and Olson, conducted no criminal background checks about its security company and security guard agents and/or any background checks that were performed were patently insufficient.

88. Defendants Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

89. Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Fernandez and Olson as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

90. Defendants Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

91. As a direct and proximate result of Defendants Fernandez and Olson breach of duties owed to Plaintiffs described herein, Britton suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Britton Esposito seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

## COUNT II
## BRITTON ESPOSITO - NEGLIGENCE
## AGAINST DEFENDANT FARM CLUB AND/OR ITS ASSOCIATION

92.     Plaintiff Britton Esposito re-alleges and incorporates paragraphs 1-83 and makes them paragraph 92 hereof.

93.     At all times material hereto, Defendant Farm Club owed a duty to maintain its premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

94.     At all times material hereto, Defendant Farm Club knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

95.     Prior to and at the time of the subject matter false imprisonment and assaults, Defendant Farm Club, conducted no criminal background checks about its security company and security guard agents and/or any background checks that were performed were patently insufficient.

96.     Defendant Farm Club knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

97.     Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendant Farm Club as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

98.     Defendant Farm Club received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of

Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

99.     As a direct and proximate result of Defendant Farm Club's breach of duties owed to Plaintiffs described herein, Britton suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Britton Esposito seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant Farm Club, plus costs and a trial by jury on all issues so triable

<div align="center">

**COUNT III**
**BRITTON ESPOSITO**
**VICARIOUS LIABILITY OF**
**THE FARM CLUB AND/OR ITS ASSOCIATION, AND**
**FERNANDEZ AND OLSON**

</div>

100.     Plaintiff Britton Esposito re-alleges and incorporates paragraphs 1-83 and makes them paragraph 100 hereof.

101.     At all times material hereto, Defendants Farm Club, Fernandez and Olson owed a duty to maintain their premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

102.     At all times material hereto, Defendants Farm Club, Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

103.    Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Farm Club, Fernandez and Olson conducted no criminal background checks about their security company and security guard agents and/or any background checks that were performed were patently insufficient.

104.    Defendants Farm Club, Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

105.    Defendants Farm Club, Fernandez and Olson rare vicariously liable for the conduct of the security company and its security guards as its employees or independent contractor and agents in that they had the right to control and direct the security company and its security guards in their duties.

106.    Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Farm Club, Fernandez and Olson as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

107.    Defendants Farm Club, Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

108.    As a direct and proximate result of Defendants Farm Club, Fernandez and Olson breach of duties owed to Plaintiffs described herein, Britton suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Britton Esposito seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Farm Club, Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

<div align="center">

**COUNT IV**
**BRITTON ESPOSITO**
**NEGLIGENT HIRING/RETENTION**
**AGAINST THE FARM CLUB AND/OR ITS ASSOCIATION, AND**
**FERNANDEZ AND OLSON**

</div>

109.    Plaintiff Britton Esposito re-alleges and incorporates paragraphs 1-83 and makes them paragraph 109 hereof.

110.    At all times material hereto, Defendants Farm Club, Fernandez and Olson owed a duty to maintain their premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

111.    At all times material hereto, Defendants Farm Club, Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

112.    Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Farm Club, Fernandez and Olson, conducted no criminal background checks about their security company and security guard agents and/or any background checks that were performed were patently insufficient.

113.    Defendants Farm Club, Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

114. Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Farm Club, Fernandez and Olson as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

115. Defendants Farm Club, Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants Farm Club, Fernandez and Olson who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

116. By virtue of its business and legal relationships with the Plaintiffs, Defendants Farm Club, Fernandez and Olson owed Plaintiffs a duty to not hire and/or retain the dishonest and negligent security company and the security guards.

117. Plaintiffs were informed and believe, and on that basis allege, that at no time during the periods of time alleged did Defendants Farm Club, Fernandez and Olson have in place a system or procedure to reasonably investigate, supervise and/or monitor staff and official resort personnel to prevent criminal acts against guests, nor did they implement a system or procedure to oversee or monitor conduct toward guests.

118. Defendants Farm Club, Fernandez and Olson were or should have been aware and understood how vulnerable guests were to violence through the negligence of security guards and other persons of authority within the control of Defendants.

119. Plaintiffs were informed, and believe, and on that basis allege, that the Defendants Farm Club, Fernandez and Olson were put on notice that the security company and the security

guards were unhappy losing their contract and jobs with the Defendants Farm Club, Fernandez and Olson because the Defendants Farm Club, Fernandez and Olson had been dissatisfied with the ability and performance of the security company and the security guards, and should have foreseen that the security company and the security guards were engaging in, or would engage in dangerous and harmful acts against Plaintiffs under the cloak of their authority, confidence, and trust, bestowed upon them through Defendants Farm Club, Fernandez and Olson.

120.    Defendants Farm Club, Fernandez and Olson failed to use reasonable care to supervise or monitor the security company and the security guards to ensure the safety of guests at the Farm House.

121.    Defendants Farm Club, Fernandez and Olson's conduct was a breach of their duty to Plaintiffs;

122.    As a direct and proximate result of Defendants Farm Club, Fernandez and Olson's breach of duties owed to Plaintiffs described herein, Britton suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Britton Esposito seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Farm Club, Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

### COUNT V
### BRITTON ESPOSITO
### NEGLIGENCE AGAINST AIRBNB

123.    Plaintiff Britton Esposito re-alleges and incorporates paragraphs 1-83 and makes them paragraph 123 hereof.

124.    At all times material hereto, Defendant, AIRBNB, assumed and/or owed a duty to take reasonable care for the safety of its customers, including Plaintiffs and to protect them from

reasonably foreseeable negligent and/or criminal conduct by third parties and employees and agents, including the Assailants, the security company and the security guards, and to provide sufficient warning of the risk of harm, and to protect the Plaintiffs from being harmed by such persons.

125. Defendant, AIRBNB, knew or should have known that there is an industry recognized increased danger for United Sates citizens to be susceptible to crime in secluded and unfamiliar settings where opportunity is provided for predators to commit crimes against, and/or harm to, their persons and property.

126. At the time of the subject matter, Defendant, AIRBNB, failed to assure or negligently attempted to investigate safety of the Defendants Farm Club, Fernandez and Olson, the security company and the security guards, which was patently insufficient.

127. Plaintiffs were vulnerable to the security company and the security guards by virtue of their apparent and/or actual authority of the Defendants Farm Club, Fernandez and Olson to control access to the Farm Club, and to provide Farm House keys and assure that the security cameras worked so as to not provide a false sense of security and safety.

128. Defendant, AIRBNB, received some benefit, including potential or indirect benefit, by its rental to Allyson, and there exists a duty to exercise reasonable care for the protection of guests to permit to enter the Farm Club only those persons who, so far as can be reasonably ascertained, would pose no threat to such guests. Defendant, AIRBNB, failed to warn Plaintiffs of such danger and failed to protect Plaintiffs from such danger.

129. Defendant, AIRBNB, breached the above referenced duties owed to Plaintiffs, and as result thereof, Plaintiffs were falsely imprisoned, assaulted and otherwise traumatized.

130.     As a direct and proximate result of Defendant AIRBNB's breach of duties owed to Plaintiffs described herein, Britton suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Britton Esposito seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant AIRBNB, plus costs and a trial by jury on all issues so triable.

<div align="center">

**COUNT VI**
**BRITTON ESPOSITO**
**<u>VICARIOUS LIABILITY OF AIRBNB</u>**

</div>

131.     Plaintiff Britton Esposito re-alleges and incorporates paragraphs 1-83 and makes them paragraph 131 hereof.

132.     At all times material, Defendant AIRBNB contracted with Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, and/or otherwise vested them with the apparent or actual authority of Defendant, AIRBNB. Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, was acting under Defendant AIRBNB's authority, direct supervision, employment and/or control when the wrongful and negligent acts described herein were committed. Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, engaged in this conduct while acting in the course and scope of their employment and/or apparent agency and/or actual agency with Defendant AIRBNB and/or accomplished the described conduct by virtue of their apparent authority.

133.     Defendant, AIRBNB, granted Defendants Farm Club, Fernandez and/or Olson authority to perform as an agent within the AIRBNB rented Farm House and otherwise held Defendants Farm Club, Fernandez and/or Olson out to the community as a fit and competent agent

of the resort. Defendants Farm Club, Fernandez and/or Olson and their security company and security guards committed the acts alleged within the apparent authority arising from the agency. Said conduct was undertaken in the course and scope of Defendants Farm Club, Fernandez and/or Olson and their security company and security guards' employment and/or agency regarding rental of the Farm House and/or was ratified by Defendant, AIRBNB.

134. Defendants Farm Club, Fernandez and/or Olson and their security company and security guards were acting at least in part to serve the interests of Defendant, AIRBNB, when Defendants Farm Club, Fernandez and/or Olson and their security company and security guards committed the negligent acts described herein. Specifically, Defendants Farm Club, Fernandez and/or Olson and their security company and security guards were acting as an agent, as well as using the trust, power and authority of the position granted, while engaging with Plaintiffs. Simultaneously, Defendants Farm Club, Fernandez and/or Olson and their security company and security guards used that same power and authority to gain Plaintiffs' confidence and promise them Safety and Trust.

135. The harm to Plaintiffs caused by Defendants Farm Club, Fernandez and/or Olson and their security company and security guards was a foreseeable and well-known hazard of the industry as evidenced by AIRBNB's need to promise Safety and Trust.

136. Because of the Defendants Farm Club, Fernandez and/or Olson and their security company and security guards negligence and tortious conduct during their agency relationship with Defendant AIRBNB while within the course and scope of their agency and employment, Defendant AIRBNB under the law of vicarious liability, including the doctrine of respondeat superior.

137.     As a direct and proximate result of Defendant AIRBNB's breach of duties owed to Plaintiffs described herein, Britton suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Britton Esposito seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant AIRBNB, plus costs and a trial by jury on all issues so triable.

### COUNT VII
### CHRISTIAN FRESNO - NEGLIGENCE
### AGAINST DEFENDANTS FERNANDEZ AND OLSON

138.     Plaintiff Christian Fresno re-alleges and incorporates paragraphs 1-83 and makes them paragraph 138 hereof.

139.     At all times material hereto, Defendants Fernandez and Olson owed a duty to maintain their premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

140.     At all times material hereto, Defendants Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

141.     Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Fernandez and Olson, conducted no criminal background checks about their security company and security guard agents and/or any background checks that were performed were patently insufficient.

142.    Defendants Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

143.    Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Fernandez and Olson as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

144.    Defendants Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

145.    As a direct and proximate result of Defendants Fernandez and Olson breach of duties owed to Plaintiffs described herein, Christian suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Christian Fresno seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

### COUNT VIII
### CHRISTIAN FRESNO - NEGLIGENCE
### AGAINST DEFENDANT FARM CLUB AND/OR ITS ASSOCIATION

146.    Plaintiff Christian Fresno re-alleges and incorporates paragraphs 1-83 and makes them paragraph 146 hereof.

147.    At all times material hereto, Defendant Farm Club owed a duty to maintain its premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and

agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

148.    At all times material hereto, Defendant Farm Club knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

149.    Prior to and at the time of the subject matter false imprisonment and assaults, Defendant Farm Club, conducted no criminal background checks about its security company and security guard agents and/or any background checks that were performed were patently insufficient.

150.    Defendant Farm Club knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

151.    Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendant Farm Club as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

152.    Defendant Farm Club received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

153.    As a direct and proximate result of Defendant Farm Club's breach of duties owed to Plaintiffs described herein, Christian suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Christian Fresno seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant Farm Club, plus costs and a trial by jury on all issues so triable

**COUNT IX**
**CHRISTIAN FRESNO**
**VICARIOUS LIABILITY OF**
**THE FARM CLUB AND/OR ITS ASSOCIATION, AND**
**FERNANDEZ AND OLSON**

154.     Plaintiff Christian Fresno re-alleges and incorporates paragraphs 1-83 and makes them paragraph 154 hereof.

155.     At all times material hereto, Defendants Farm Club, Fernandez and Olson owed a duty to maintain their premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

156.     At all times material hereto, Defendants Farm Club, Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

157.     Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Farm Club, Fernandez and Olson, conducted no criminal background checks about their security company and security guard agents and/or any background checks that were performed were patently insufficient.

158.     Defendants Farm Club, Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

159.     Defendants Farm Club, Fernandez and Olson are vicariously liable for the conduct of the security company and its security guards as its employees or independent contractor and

agents in that they had the right to control and direct the security company and its security guards in their duties.

160.    Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Farm Club, Fernandez and Olson, as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

161.    Defendants Farm Club, Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

162.    As a direct and proximate result of Defendants Farm Club, Fernandez and Olson's breach of duties owed to Plaintiffs described herein, Christian suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Christian Fresno seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants, Farm Club, Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

<div align="center">

**COUNT X**
**CHRISTIAN FRESNO**
**NEGLIGENT HIRING/RETENTION**
**AGAINST THE FARM CLUB AND/OR ITS ASSOCIATION, AND**
**<u>FERNANDEZ AND OLSON</u>**

</div>

163.    Plaintiff Christian Fresno re-alleges and incorporates paragraphs 1-83 and makes them paragraph 163 hereof.

164.     At all times material hereto, Defendants Farm Club, Fernandez and Olson owed a duty to maintain their premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

165.     At all times material hereto, Defendants Farm Club, Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

166.     Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Farm Club, Fernandez and Olson, conducted no criminal background checks about their security company and security guard agents and/or any background checks that were performed were patently insufficient.

167.     Defendants Farm Club, Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

168.     Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Farm Club, Fernandez and Olson as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

169.     Defendants Farm Club, Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants Farm Club, Fernandez and Olson who, so far as can be reasonably ascertained,

pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

170.    By virtue of its business and legal relationships with the Plaintiffs Defendants Farm Club, Fernandez and Olson owed Plaintiffs a duty to not hire and/or retain the dishonest and negligent security company and security guards.

171.    Plaintiffs were informed and believe, and on that basis allege, that at no time during the periods of time alleged did Defendants Farm Club, Fernandez and Olson have in place a system or procedure to reasonably investigate, supervise and/or monitor staff and official resort personnel to prevent criminal acts against guests, nor did they implement a system or procedure to oversee or monitor conduct toward guests.

172.    Defendants Farm Club, Fernandez and Olson was or should have been aware and understood how vulnerable guests were to violence through the negligence of security guards and other persons of authority within the control of Defendants.

173.    Plaintiffs were informed, and believe, and on that basis allege, that the Defendants Farm Club, Fernandez and Olson were put on notice that the security company and the security guards were unhappy losing their contract and jobs with the Defendants Farm Club, Fernandez and Olson because the Defendants Farm Club, Fernandez and Olson had been dissatisfied with the ability and performance of the security company and the security guards, and should have foreseen that the security company and the security guards were engaging in, or would engage in dangerous and harmful acts against Plaintiffs under the cloak of their authority, confidence, and trust, bestowed upon them through Defendants Farm Club, Fernandez and Olson.

174.     Defendants Farm Club, Fernandez and Olson failed to use reasonable care to supervise or monitor the security company and the security guards to ensure the safety of guests at the Farm House.

175.     Defendants Farm Club, Fernandez and Olson's conduct was a breach of their duty to Plaintiffs.

176.     As a direct and proximate result of Defendant Farm Club, Fernandez and Olson's breach of duties owed to Plaintiffs described herein, Christian suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Christian Fresno seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Farm Club, Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

## COUNT XI
## CHRISTIAN FRESNO
## NEGLIGENCE AGAINST AIRBNB

177.     Plaintiff Christian Fresno re-alleges and incorporates paragraphs 1-83 and makes them paragraph 177 hereof.

178.     At all times material hereto, Defendant, AIRBNB, assumed and/or owed a duty to take reasonable care for the safety of its customers, including Plaintiffs and to protect them from reasonably foreseeable negligent and/or criminal conduct by third parties and employees and agents, including the Assailants, the security company and the security guards, and to provide sufficient warning of the risk of harm, and to protect the Plaintiffs from being harmed by such persons.

179.     Defendant, AIRBNB, knew or should have known that there is an industry recognized increased danger for United Sates citizens to be susceptible to crime in secluded and

unfamiliar settings where opportunity is provided for predators to commit crimes against, and/or harm to, their persons and property.

180. At the time of the subject matter, Defendant, AIRBNB, failed to assure or negligently attempted to investigate safety of the Defendants Farm Club, Fernandez and Olson, the security company and the security guards which were patently inadequate.

181. Plaintiffs were vulnerable to the security company and the security guards by virtue of their apparent and/or actual authority of the Defendants Farm Club, Fernandez and Olson to control access to the Farm Club, and to provide Farm House keys and assure that the security cameras worked so as to not provide a false sense of security and safety.

182. Defendant, AIRBNB, received some benefit, including potential or indirect benefit, by its rental to Allyson, and there exists a duty to exercise reasonable care for the protection of guests to permit to enter the Farm Club only those persons who, so far as can be reasonably ascertained, would pose no threat to such guests. Defendant, AIRBNB, failed to warn Plaintiffs of such danger and failed to protect Plaintiffs from such danger.

183. Defendant, AIRBNB, breached the above referenced duties owed to Plaintiffs, and as result thereof, Plaintiffs were falsely imprisoned, assaulted and otherwise traumatized.

184. As a direct and proximate result of Defendant AIRBNB's breach of duties owed to Plaintiffs described herein, Christian suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Christian Fresno seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant AIRBNB, plus costs and a trial by jury on all issues so triable.

# COUNT XII
# CHRISTIAN FRESNO
# VICARIOUS LIABILITY OF AIRBNB

185.     Plaintiff Christian Fresno re-alleges and incorporates paragraphs 1-83 and makes them paragraph 185 hereof.

186.     At all times material, Defendant AIRBNB contracted with Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, and/or otherwise vested them with the apparent or actual authority of Defendant, AIRBNB. Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, was acting under Defendant AIRBNB's authority, direct supervision, employment and/or control when the wrongful and negligent acts described herein were committed. Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, engaged in this conduct while acting in the course and scope of their employment and/or apparent agency and/or actual agency with Defendant AIRBNB and/or accomplished the described conduct by virtue of their apparent authority.

187.     Defendant, AIRBNB, granted Defendants Farm Club, Fernandez and/or Olson authority to perform as an agent within the AIRBNB rented Farm House and otherwise held Defendants Farm Club, Fernandez and/or Olson out to the community as a fit and competent agent of the resort.  Defendants Farm Club, Fernandez and/or Olson and their security company and security guards committed the acts alleged within the apparent authority arising from the agency. Said conduct was undertaken in the course and scope of Defendants Farm Club, Fernandez and/or Olson and their security company and security guards' employment and/or agency regarding rental of the Farm House and/or was ratified by Defendant, AIRBNB.

188. Defendants Farm Club, Fernandez and/or Olson and their security company and security guards were acting at least in part to serve the interests of Defendant, AIRBNB, when Defendants Farm Club, Fernandez and/or Olson and their security company and security guards committed the negligent acts described herein. Specifically, Defendants Farm Club, Fernandez and/or Olson and their security company and security guards were acting as an agent, as well as using the trust, power and authority of the position granted, while engaging with Plaintiffs. Simultaneously, Defendants Farm Club, Fernandez and/or Olson and their security company and security guards used that same power and authority to gain Plaintiffs' confidence and promise them Safety and Trust.

189. The harm to Plaintiffs caused by Defendants Farm Club, Fernandez and/or Olson and their security company and security guards was a foreseeable and well-known hazard of the industry as evidenced by AIRBNB's need to promise Safety and Trust.

190. Because of the Defendants Farm Club, Fernandez and/or Olson and their security company and security guards negligent and tortious conduct during their agency relationship with Defendant AIRBNB while within the course and scope of their agency and employment, Defendant AIRBNB under the law of vicarious liability, including the doctrine of respondeat superior.

191. As a direct and proximate result of Defendant AIRBNB's breach of duties owed to Plaintiffs described herein, Christian suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Christian Fresno seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant AIRBNB, plus costs and a trial by jury on all issues so triable.

## COUNT XIII
## BENJAMIN KUTYLO - NEGLIGENCE
## AGAINST DEFENDANTS FERNANDEZ AND OLSON

192.   Plaintiff Benjamin Kutylo re-alleges and incorporates paragraphs 1-83 and makes them paragraph 192 hereof.

193.   At all times material hereto, Defendants Fernandez and Olson owed a duty to maintain its premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

194.   At all times material hereto, Defendants Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

195.   Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Fernandez and Olson, conducted no criminal background checks about their security company and security guard agents and/or any background checks that were performed were patently insufficient.

196.   Defendants Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

197.   Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Fernandez and Olson as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

198.   Defendants Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for

the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

199.     As a direct and proximate result of Defendants Fernandez and Olson breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Benjamin Kutylo seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

<div align="center">

**COUNT XIV**
**BENJAMIN KUTYLO - NEGLIGENCE**
**<u>AGAINST DEFENDANT FARM CLUB AND/OR ITS ASSOCIATION</u>**

</div>

200.     Plaintiff Benjamin Kutylo re-alleges and incorporates paragraphs 1-83 and makes them paragraph 200 hereof.

201.     At all times material hereto, Defendant Farm Club owed a duty to maintain its premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

202.     At all times material hereto, Defendant Farm Club knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

203.     Prior to and at the time of the subject matter false imprisonment and assaults, Defendant Farm Club, conducted no criminal background checks about its security company and security guard agents and/or any background checks that were performed were patently insufficient.

204. Defendant Farm Club knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

205. Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendant Farm Club as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

206. Defendant Farm Club received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

207. As a direct and proximate result of Defendant Farm Club's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Benjamin Kutylo seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant Farm Club, plus costs and a trial by jury on all issues so triable

## COUNT XV
## BENJAMIN KUTYLO
## VICARIOUS LIABILITY OF
## THE FARM CLUB AND/OR ITS ASSOCIATION, AND
## FERNANDEZ AND OLSON

208. Plaintiff Benjamin Kutylo re-alleges and incorporates paragraphs 1-83 and makes them paragraph 208 hereof.

209. At all times material hereto, Defendants Farm Club, Fernandez and Olson owed a duty to maintain their premises, in a reasonably safe condition, and to take reasonable care for the

safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

210. At all times material hereto, Defendants Farm Club, Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

211. Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Farm Club, Fernandez and Olson, conducted no criminal background checks about their security company and security guard agents and/or any background checks that were performed were patently insufficient.

212. Defendants Farm Club, Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

213. Defendants Farm Club, Fernandez and Olson are vicariously liable for the conduct of the security company and its security guards, as its employees or independent contractor and agents, in that they had the right to control and direct the security company and its security guards in their duties.

214. Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Farm Club, Fernandez and Olson, as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

215. Defendants Farm Club, Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable

care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

216.     As a direct and proximate result of Defendants Farm Club, Fernandez and Olson's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Benjamin Kutylo seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Farm Club, Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

<div align="center">

**COUNT XVI**
**BENJAMIN KUTYLO**
**NEGLIGENT HIRING/RETENTION**
**AGAINST THE FARM CLUB AND/OR ITS ASSOCIATION, AND**
**FERNANDEZ AND OLSON**

</div>

217.     Plaintiff Benjamin Kutylo re-alleges and incorporates paragraphs 1-83 and makes them paragraph 217 hereof.

218.     At all times material hereto, Defendants Farm Club, Fernandez and Olson owed a duty to maintain its premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

219.     At all times material hereto, Defendants Farm Club, Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

220.    Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Farm Club, Fernandez and Olson, conducted no criminal background checks about their security company and security guard agents and/or any background checks that were performed were patently insufficient.

221.    Defendants Farm Club, Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

222.    Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Farm Club, Fernandez and Olson as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

223.    Defendants Farm Club, Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants Farm Club, Fernandez and Olson who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

224.    By virtue of its business and legal relationships with the Plaintiffs, Defendants Farm Club, Fernandez and Olson owed Plaintiffs a duty to not hire and/or retain the dishonest and negligent security company and security guards, which Defendants knew or reasonably should have known had they engaged in a meaningful and adequate investigation of his background prior to hiring them.

225.    Plaintiffs were informed and believe, and on that basis allege, that at no time during the periods of time alleged did Defendants Farm Club, Fernandez and Olson have in place a system

or procedure to reasonably investigate, supervise and/or monitor staff and official resort personnel to prevent criminal acts against guests, nor did they implement a system or procedure to oversee or monitor conduct toward guests.

226.    Defendants Farm Club, Fernandez and Olson were or should have been aware and understood how vulnerable guests were to violence through the negligence of security guards and other persons of authority within the control of Defendants.

227.    Plaintiffs were informed, and believe, and on that basis allege, that the Defendants Farm Club, Fernandez and Olson were put on notice that the security company and the security guards were unhappy losing their contract and jobs with the Defendants Farm Club, Fernandez and Olson because the Defendants Farm Club, Fernandez and Olson had been dissatisfied with the ability and performance of the security company and the security guards, and should have foreseen that the security company and the security guards were engaging in, or would engage in dangerous and harmful acts against Plaintiffs under the cloak of their authority, confidence, and trust, bestowed upon them through Defendants Farm Club, Fernandez and Olson.

228.    Defendants Farm Club, Fernandez and Olson failed to use reasonable care to supervise or monitor the security company and the security guards to ensure the safety of guests at the Farm House.

229.    Defendants Farm Club, Fernandez and Olson's conduct was a breach of their duty to Plaintiffs.

230.    As a direct and proximate result of Defendant Farm Club's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Benjamin Kutylo seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Farm Club, Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

<div align="center">

**COUNT XVII**
**BENJAMIN KUTYLO**
<u>**NEGLIGENCE AGAINST AIRBNB**</u>

</div>

231.    Plaintiff Benjamin Kutylo re-alleges and incorporates paragraphs 1-83 and makes them paragraph 231 hereof.

232.    At all times material hereto, Defendant, AIRBNB, assumed and/or owed a duty to take reasonable care for the safety of its customers, including Plaintiffs and to protect them from reasonably foreseeable negligent and/or criminal conduct by third parties and employees and agents, including the Assailants, the security company and the security guards, and to provide sufficient warning of the risk of harm, and to protect the Plaintiffs from being harmed by such persons.

233.    Defendant, AIRBNB, knew or should have known that there is an industry recognized increased danger for United Sates citizens to be susceptible to crime in secluded and unfamiliar settings where opportunity is provided for predators to commit crimes against, and/or harm to, their persons and property.

234.    At the time of the subject matter, Defendant, AIRBNB, failed to assure or negligently attempted to investigate safety of the Defendants Farm Club, Fernandez and Olson, and/or performed background checks which were patently insufficient.

235.    Plaintiffs were vulnerable to the security company and the security guards by virtue of their apparent and/or actual authority of the Defendants Farm Club, Fernandez and Olson to

control access to the Farm Club, and to provide Farm House keys and assure that the security cameras worked so as to not provide a false sense of security and safety.

236.     Defendant, AIRBNB, received some benefit, including potential or indirect benefit, by its rental to Allyson, and there exists a duty to exercise reasonable care for the protection of guests to permit to enter the Farm Club only those persons who, so far as can be reasonably ascertained, would pose no threat to such guests. Defendant, AIRBNB, failed to warn Plaintiffs of such danger and failed to protect Plaintiffs from such danger.

237.     Defendant, AIRBNB, breached the above referenced duties owed to Plaintiffs, and as result thereof, Plaintiffs were falsely imprisoned, assaulted and otherwise traumatized.

238.     As a direct and proximate result of Defendant AIRBNB's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Benjamin Kutylo seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant AIRBNB, plus costs and a trial by jury on all issues so triable.

### COUNT XVIII
### BENJAMIN KUTYLO
### <u>VICARIOUS LIABILITY OF AIRBNB</u>

239.     Plaintiff Benjamin Kutylo re-alleges and incorporates paragraphs 1-83 and makes them paragraph 239 hereof.

240.     At all times material, Defendant AIRBNB contracted with Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, and/or otherwise vested them with the apparent or actual authority of Defendant, AIRBNB. Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security

company and the security guards, was acting under Defendant AIRBNB's authority, direct supervision, employment and/or control when the wrongful and negligent acts described herein were committed. Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, engaged in this conduct while acting in the course and scope of their employment and/or apparent agency and/or actual agency with Defendant AIRBNB and/or accomplished the described conduct by virtue of their apparent authority.

241. Defendant, AIRBNB, granted Defendants Farm Club, Fernandez and/or Olson authority to perform as an agent within the AIRBNB rented Farm House and otherwise held Defendants Farm Club, Fernandez and/or Olson out to the community as a fit and competent agent of the resort. Defendants Farm Club, Fernandez and/or Olson and their security company and security guards committed the acts alleged within the apparent authority arising from the agency. Said conduct was undertaken in the course and scope of Defendants Farm Club, Fernandez and/or Olson and their security company and security guards' employment and/or agency regarding rental of the Farm House and/or was ratified by Defendant, AIRBNB.

242. Defendants Farm Club, Fernandez and/or Olson and their security company and security guards were acting at least in part to serve the interests of Defendant, AIRBNB, when Defendants Farm Club, Fernandez and/or Olson and their security company and security guards committed the negligent acts described herein. Specifically, Defendants Farm Club, Fernandez and/or Olson and their security company and security guards were acting as an agent, as well as using the trust, power and authority of the position granted, while engaging with Plaintiffs. Simultaneously, Defendants Farm Club, Fernandez and/or Olson and their security company and security guards used that same power and authority to gain Plaintiffs' confidence and promise them Safety and Trust.

243.    The harm to Plaintiffs caused by Defendants Farm Club, Fernandez and/or Olson and their security company and security guards was a foreseeable and well-known hazard of the industry as evidenced by AIRBNB's need to promise Safety and Trust.

244.    Because of the Defendants Farm Club, Fernandez and/or Olson and their security company and security guards negligent and  tortious conduct during their agency relationship with Defendant AIRBNB while within the course and scope of their agency and employment, Defendant AIRBNB under the law of vicarious liability, including the doctrine of respondeat superior.

245.    As a direct and proximate result of Defendant AIRBNB's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Benjamin Kutylo seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant AIRBNB, plus costs and a trial by jury on all issues so triable.

### COUNT XIX
### ALLYSON ESPOSITO - NEGLIGENCE
### AGAINST DEFENDANTS FERNANDEZ AND OLSON

246.    Plaintiff Allyson Esposito re-alleges and incorporates paragraphs 1-83 and makes them paragraph 246 hereof.

247.    At all times material hereto, Defendants Fernandez and Olson owed a duty to maintain its premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

248.    At all times material hereto, Defendants Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

249.    Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Fernandez and Olson, conducted no criminal background checks about their security company and security guard agents and/or any background checks that were performed were patently insufficient.

250.    Defendants Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

251.    Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Fernandez and Olson as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

252.    Defendants Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

253.    As a direct and proximate result of Defendants Fernandez and Olson breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Allyson Esposito seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

## COUNT XX
## ALLYSON ESPOSITO - NEGLIGENCE
## AGAINST DEFENDANT FARM CLUB AND/OR ITS ASSOCIATION

254.    Plaintiff Allyson Esposito re-alleges and incorporates paragraphs 1-83 and makes them paragraph 254 hereof.

255.    At all times material hereto, Defendant Farm Club owed a duty to maintain its premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

256.    At all times material hereto, Defendant Farm Club knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

257.    Prior to and at the time of the subject matter false imprisonment and assaults, Defendant Farm Club, conducted no criminal background checks about its security company and security guard agents and/or any background checks that were performed were patently insufficient.

258.    Defendant Farm Club knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

259.    Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendant Farm Club as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

260.    Defendant Farm Club received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of

Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

261.    As a direct and proximate result of Defendant Farm Club's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Allyson Esposito seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant Farm Club, plus costs and a trial by jury on all issues so triable

## COUNT XXI
## ALLYSON ESPOSITO
## VICARIOUS LIABILITY OF
## THE FARM CLUB AND/OR ITS ASSOCIATION, AND
## FERNANDEZ AND OLSON

262.    Plaintiff Allyson Esposito re-alleges and incorporates paragraphs 1-83 and makes them paragraph 262 hereof.

263.    At all times material hereto, Defendants Farm Club, Fernandez and Olson owed a duty to maintain their premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

264.    At all times material hereto, Defendants Farm Club, Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

265.     Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Farm Club, Fernandez and Olson, conducted no criminal background checks about its security company and security guard agents and/or any background checks that were performed were patently insufficient.

266.     Defendants Farm Club, Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

267.     Defendants Farm Club, Fernandez and Olson, is vicariously liable for the conduct of the security company and its security guards as its employees or independent contractor and agents in that it had the right to control and direct the security company and its security guards in their duties.

268.     Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Farm Club, Fernandez and Olson as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

269.     Defendants Farm Club, Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

270.     As a direct and proximate result of Defendants Farm Club, Fernandes and Olson's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

WHEREFORE, Plaintiff Allyson Esposito seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Farm Club, Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

<div align="center">

**COUNT XXII**
**ALLYSON ESPOSITO**
**NEGLIGENT HIRING/RETENTION**
**AGAINST THE FARM CLUB AND/OR ITS ASSOCIATION, AND**
**FERNANDEZ AND OLSON**

</div>

271.    Plaintiff Allyson Esposito re-alleges and incorporates paragraphs 1-83 and makes them paragraph 271 hereof.

272.    At all times material hereto, Defendants Farm Club, Fernandez and Olson owed a duty to maintain its premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

273.    At all times material hereto, Defendants Farm Club, Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

274.    Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Farm Club, Fernandez and Olson, conducted no criminal background checks about their security company and security guard agents and/or any background checks that were performed were patently insufficient.

275.    Defendants Farm Club, Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

276. Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Farm Club, Fernandez and Olson as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

277. Defendants Farm Club, Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants Farm Club, Fernandez and Olson who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

278. By virtue of its business and legal relationships with the Plaintiffs Defendants Farm Club, Fernandez and Olson owed Plaintiffs a duty to not hire and/or retain the dishonest and negligent security company and the security guards.

279. Plaintiffs were informed and believe, and on that basis allege, that at no time during the periods of time alleged did Defendants Farm Club, Fernandez and Olson have in place a system or procedure to reasonably investigate, supervise and/or monitor staff and official resort personnel to prevent criminal acts against guests, nor did they implement a system or procedure to oversee or monitor conduct toward guests.

280. Defendants Farm Club, Fernandez and Olson were or should have been aware and understood how vulnerable guests were to violence through the negligence of security guards and other persons of authority within the control of Defendants.

281. Plaintiffs were informed, and believe, and on that basis allege, that the Defendants Farm Club, Fernandez and Olson were put on notice that the security company and the security

guards were unhappy losing their contract and jobs with the Defendants Farm Club, Fernandez and Olson because the Defendants Farm Club, Fernandez and Olson had been dissatisfied with the ability and performance of the security company and the security guards, and should have foreseen that the security company and the security guards were engaging in, or would engage in dangerous and harmful acts against Plaintiffs under the cloak of their authority, confidence, and trust, bestowed upon them through Defendants Farm Club, Fernandez and Olson.

282.     Defendants Farm Club, Fernandez and Olson failed to use reasonable care to supervise or monitor the security company and the security guards to ensure the safety of guests at the Farm House.

283.     Defendants Farm Club, Fernandez and Olson's conduct was a breach of their duty to Plaintiffs.

284.     As a direct and proximate result of Defendant Farm Club, Fernandez and Olson's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Allyson Esposito seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Farm Club, Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

### COUNT XXIII
### ALLYSON ESPOSITO
### NEGLIGENCE AGAINST AIRBNB

285.     Plaintiff Allyson Esposito re-alleges and incorporates paragraphs 1-83 and makes them paragraph 274 hereof.

286.     At all times material hereto, Defendant, AIRBNB, assumed and/or owed a duty to take reasonable care for the safety of its customers, including Plaintiffs and to protect them from

reasonably foreseeable negligent and/or criminal conduct by third parties and employees and agents, including the Assailants, the security company and the security guards, and to provide sufficient warning of the risk of harm, and to protect the Plaintiffs from being harmed by such persons.

287.     Defendant, AIRBNB, knew or should have known that there is an industry recognized increased danger for United Sates citizens to be susceptible to crime in secluded and unfamiliar settings where opportunity is provided for predators to commit crimes against, and/or harm to, their persons and property.

288.     At the time of the subject matter, Defendant, AIRBNB, failed to assure or negligently attempted to investigate safety of the Defendants Farm Club, Fernandez and Olson, the security company and the security guards and/or any background checks that were performed were patently insufficient.

289.     Plaintiffs were vulnerable to the security company and the security guards by virtue of their apparent and/or actual authority of the Defendants Farm Club, Fernandez and Olson to control access to the Farm Club, and to provide Farm House keys and assure that the security cameras worked so as to not provide a false sense of security and safety.

290.     Defendant, AIRBNB, received some benefit, including potential or indirect benefit, by its rental to Allyson, and there exists a duty to exercise reasonable care for the protection of guests to permit to enter the Farm Club only those persons who, so far as can be reasonably ascertained, would pose no threat to such guests. Defendant, AIRBNB, failed to warn Plaintiffs of such danger and failed to protect Plaintiffs from such danger.

291.     Defendant, AIRBNB, breached the above referenced duties owed to Plaintiffs, and as result thereof, Plaintiffs were falsely imprisoned, assaulted and otherwise traumatized.

292.     As a direct and proximate result of Defendant AIRBNB's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Allyson Esposito seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant AIRBNB, plus costs and a trial by jury on all issues so triable.

<div align="center">

**COUNT XXIV**
**ALLYSON ESPOSITO**
**<u>VICARIOUS LIABILITY OF AIRBNB</u>**

</div>

293.     Plaintiff Allyson Esposito re-alleges and incorporates paragraphs 1-83 and makes them paragraph 282 hereof.

294.     At all times material, Defendant AIRBNB contracted with Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, and/or otherwise vested them with the apparent or actual authority of Defendant, AIRBNB. Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, was acting under Defendant AIRBNB's authority, direct supervision, employment and/or control when the wrongful and negligent acts described herein were committed. Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, engaged in this conduct while acting in the course and scope of their employment and/or apparent agency and/or actual agency with Defendant AIRBNB and/or accomplished the described conduct by virtue of their apparent authority.

295.     Defendant, AIRBNB, granted Defendants Farm Club, Fernandez and/or Olson authority to perform as an agent within the AIRBNB rented Farm House and otherwise held Defendants Farm Club, Fernandez and/or Olson out to the community as a fit and competent agent

of the resort. Defendants Farm Club, Fernandez and/or Olson and their security company and security guards committed the acts alleged within the apparent authority arising from the agency. Said conduct was undertaken in the course and scope of Defendants Farm Club, Fernandez and/or Olson and their security company and security guards' employment and/or agency regarding rental of the Farm House and/or was ratified by Defendant, AIRBNB.

296.    Defendants Farm Club, Fernandez and/or Olson and their security company and security guards were acting at least in part to serve the interests of Defendant, AIRBNB, when Defendants Farm Club, Fernandez and/or Olson and their security company and security guards committed the negligent acts described herein. Specifically, Defendants Farm Club, Fernandez and/or Olson and their security company and security guards were acting as an agent, as well as using the trust, power and authority of the position granted, while engaging with Plaintiffs. Simultaneously, Defendants Farm Club, Fernandez and/or Olson and their security company and security guards used that same power and authority to gain Plaintiffs' confidence and promise them Safety and Trust.

297.    The harm to Plaintiffs caused by Defendants Farm Club, Fernandez and/or Olson and their security company and security guards was a foreseeable and well-known hazard of the industry as evidenced by AIRBNB's need to promise Safety and Trust.

298.    Because of the Defendants Farm Club, Fernandez and/or Olson and their security company and security guards negligent and  tortious conduct during their agency relationship with Defendant AIRBNB while within the course and scope of their agency and employment, Defendant AIRBNB under the law of vicarious liability, including the doctrine of respondeat superior.

299.     As a direct and proximate result of Defendant AIRBNB's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Allyson Esposito seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant AIRBNB, plus costs and a trial by jury on all issues so triable.

<div align="center">

**COUNT XXV**
**ALLYSON ESPOSITO AS MOTHER**
**AND NEXT FRIEND OF TODDLER JANIE DOE - NEGLIGENCE**
**AGAINST DEFENDANTS FERNANDEZ AND OLSON**

</div>

300.     Plaintiff Allyson Esposito as Mother and Next Friend of Toddler Janie Doe re-alleges and incorporates paragraphs 1-83 and makes them paragraph 300 hereof.

301.     At all times material hereto, Defendants Fernandez and Olson owed a duty to maintain its premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

302.     At all times material hereto, Defendants Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

303.     Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Fernandez and Olson, conducted no criminal background checks about their security company and security guard agents and/or any background checks that were performed were patently insufficient.

304. Defendants Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

305. Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Fernandez and Olson as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

306. Defendants Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

307. As a direct and proximate result of Defendants Fernandez and Olson breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Allyson Esposito as Mother and Next Friend of Toddler Janie Doe seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

## COUNT XXVI
## ALLYSON ESPOSITO AS MOTHER
## AND NEXT FRIEND OF TODDLER JANIE DOE - NEGLIGENCE
## AGAINST DEFENDANT FARM CLUB AND/OR ITS ASSOCIATION

308. Plaintiff Allyson Esposito as Mother and Next Friend of Toddler Janie Doe re-alleges and incorporates paragraphs 1-83 and makes them paragraph 308 hereof.

309. At all times material hereto, Defendant Farm Club owed a duty to maintain its premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and

agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

310. At all times material hereto, Defendant Farm Club knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

311. Prior to and at the time of the subject matter false imprisonment and assaults, Defendant Farm Club, conducted no criminal background checks about their security company and security guard agents and/or any background checks that were performed were patently insufficient.

312. Defendant Farm Club knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

313. Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendant Farm Club as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

314. Defendant Farm Club received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

315. As a direct and proximate result of Defendant Farm Club's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Allyson Esposito as Mother and Next Friend of Toddler Janie Doe seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant Farm Club, plus costs and a trial by jury on all issues so triable

<center>

**COUNT XXVII**
**ALLYSON ESPOSITO AS MOTHER**
**AND NEXT FRIEND OF TODDLER JANIE DOE**
**VICARIOUS LIABILITY OF**
**THE FARM CLUB AND/OR ITS ASSOCIATION, AND**
**FERNANDEZ AND OLSON**

</center>

316.    Plaintiff Allyson Esposito as Mother and Next Friend of Toddler Janie Doe re-alleges and incorporates paragraphs 1-83 and makes them paragraph 326 hereof.

317.    At all times material hereto, Defendants Farm Club, Fernandez and Olson owed a duty to maintain their premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

318.    At all times material hereto, Defendants Farm Club, Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

319.    Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Farm Club, Fernandez and Olson, conducted no criminal background checks about its security company and security guard agents and/or any background checks that were performed were and/or any background checks that were performed were patently insufficient.

320.    Defendants Farm Club, Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

<center>67</center>

321.    Defendants Farm Club, Fernandez and Olson are vicariously liable for the conduct of the security company and its security guards as its employees or independent contractor and agents in that they had the right to control and direct the security company and its security guards in their duties.

322.    Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Farm Club, Fernandez and Olson, as employees, independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

323.    Defendants Farm Club, Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

324.    As a direct and proximate result of Defendants Farm Club, Fernandez and Olson's breach of duties owed to Plaintiffs described herein, Allyson Esposito as Mother and Next Friend of Toddler Janie Doe suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Allyson Esposito as Mother and Next Friend of Toddler Janie Doe seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Farm Club, Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

**COUNT XXVIII**
**ALLYSON ESPOSITO AS MOTHER**
**AND NEXT FRIEND OF TODDLER JANIE DOE**
**NEGLIGENT HIRING/RETENTION**
**AGAINST THE FARM CLUB AND/OR ITS ASSOCIATION, AND**
**<u>FERNANDEZ AND OLSON</u>**

325.     Plaintiff Allyson Esposito as Mother and Next Friend of Toddler Janie Doe re-alleges and incorporates paragraphs 1-83 and makes them paragraph 325 hereof.

326.     At all times material hereto, Defendants Farm Club, Fernandez and Olson owed a duty to maintain its premises, in a reasonably safe condition, and to take reasonable care for the safety of Plaintiffs and protect them from reasonably foreseeable criminal conduct by third parties and employees and agents, such as the security guards, to protect the Plaintiffs from being harmed by such persons, and further had a duty to implement policies and procedures to protect guests such as Plaintiffs.

327.     At all times material hereto, Defendants Farm Club, Fernandez and Olson knew or should have known of the potential danger in facilitating un-supervised access to renters in a private setting.

328.     Prior to and at the time of the subject matter false imprisonment and assaults, Defendants Farm Club, Fernandez and Olson, conducted no criminal background checks about its security company and security guard agents and/or any background checks that were performed were patently insufficient.

329.     Defendants Farm Club, Fernandez and Olson knew or should have known there were no keys for the Farm House, and that the security cameras were fake.

330.     Plaintiffs were defenseless by virtue of their apparent and/or actual authority conferred upon the security guards by Defendants Farm Club, Fernandez and Olson as employees,

independent contractors or agents in allowing the Assailants access to the Farm Club and the Farm House.

331.     Defendants Farm Club, Fernandez and Olson received direct benefits, including potential or indirect benefit, from the AIRBNB rental, and there exists a duty to exercise reasonable care for the protection of Plaintiffs to permit only those employees, independent contractors or agents of Defendants Farm Club, Fernandez and Olson who, so far as can be reasonably ascertained, pose no threat to such guests; failed to warn Plaintiffs of such danger; and, failed to protect Plaintiffs from such danger.

332.     By virtue of its business and legal relationships with the Plaintiffs Defendants Farm Club, Fernandez and Olson owed Plaintiffs a duty to not hire and/or dishonest and negligent security company and the security guards.

333.     Plaintiffs were informed and believe, and on that basis allege, that at no time during the periods of time alleged did Defendants Farm Club, Fernandez and Olson have in place a system or procedure to reasonably investigate, supervise and/or monitor staff and official resort personnel to prevent criminal acts against guests, nor did they implement a system or procedure to oversee or monitor conduct toward guests.

334.      Defendants Farm Club, Fernandez and Olson were or should have been aware and understood how vulnerable guests were to violence through the negligence of security guards and other persons of authority within the control of Defendants.

335.     Plaintiffs were informed, and believe, and on that basis allege, that the Defendants Farm Club, Fernandez and Olson were put on notice that the security company and the security guards were unhappy losing their contract and jobs with the Defendants Farm Club, Fernandez and Olson because the Defendants Farm Club, Fernandez and Olson had been dissatisfied with the

ability and performance of the security company and the security guards, and should have foreseen that the security company and the security guards were engaging in, or would engage in dangerous and harmful acts against Plaintiffs under the cloak of their authority, confidence, and trust, bestowed upon them through Defendants Farm Club, Fernandez and Olson.

336.     Defendants Farm Club, Fernandez and Olson failed to use reasonable care to supervise or monitor the security company and the security guards to ensure the safety of guests at the Farm House.

337.     Defendants Farm Club, Fernandez and Olson's conduct was a breach of their duty to Plaintiffs.

338.     As a direct and proximate result of Defendant Farm Club, Fernandez and Olson's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Allyson Esposito as Mother and Next Friend of Toddler Janie Doe seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendants Farm Club, Fernandez and Olson, plus costs and a trial by jury on all issues so triable.

### COUNT XXIX
### ALLYSON ESPOSITO AS MOTHER
### AND NEXT FRIEND OF TODDLER JANIE DOE
### NEGLIGENCE AGAINST AIRBNB

339.     Plaintiff Allyson Esposito as Mother and Next Friend of Toddler Janie Doe re-alleges and incorporates paragraphs 1-83 and makes them paragraph 339 hereof.

340.     At all times material hereto, Defendant, AIRBNB, assumed and/or owed a duty to take reasonable care for the safety of its customers, including Plaintiffs and to protect them from reasonably foreseeable negligent and/or criminal conduct by third parties and employees and

agents, including the Assailants, the security company and the security guards, and to provide sufficient warning of the risk of harm, and to protect the Plaintiffs from being harmed by such persons.

341.    Defendant, AIRBNB, knew or should have known that there is an industry recognized increased danger for United Sates citizens to be susceptible to crime in secluded and unfamiliar settings where opportunity is provided for predators to commit crimes against, and/or harm to, their persons and property.

342.    At the time of the subject matter, Defendant, AIRBNB, failed to assure or negligently attempted to investigate safety of the Defendants Farm Club, Fernandez and Olson, the security company and the security guards and/or any background checks that were performed were patently insufficient.

343.    Plaintiffs were vulnerable to the security company and the security guards by virtue of their apparent and/or actual authority of the Defendant AIRBNB to control access to the Farm Club, and to provide Farm House keys and assure that the security cameras worked so as to not provide a false sense of security and safety.

344.    Defendant, AIRBNB, received some benefit, including potential or indirect benefit, by its rental to Allyson, and there exists a duty to exercise reasonable care for the protection of guests to permit to enter the Farm Club only those persons who, so far as can be reasonably ascertained, would pose no threat to such guests. Defendant, AIRBNB, failed to warn Plaintiffs of such danger and failed to protect Plaintiffs from such danger.

345.    Defendant, AIRBNB, breached the above referenced duties owed to Plaintiffs, and as result thereof, Plaintiffs were falsely imprisoned, assaulted and otherwise traumatized.

346. As a direct and proximate result of Defendant AIRBNB's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Allyson Esposito as Mother and Next Friend of Toddler Janie Doe seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant AIRBNB, plus costs and a trial by jury on all issues so triable.

<center>

**COUNT XXX**
**ALLYSON ESPOSITO AS MOTHER**
**AND NEXT FRIEND OF TODDLER JANIE DOE**
**<u>VICARIOUS LIABILITY OF AIRBNB</u>**

</center>

347. Plaintiff Allyson Esposito as Mother and Next Friend of Toddler Janie Doe re-alleges and incorporates paragraphs 1-83 and makes them paragraph 347 hereof.

348. At all times material, Defendant AIRBNB contracted with Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, and/or otherwise vested them with the apparent or actual authority of Defendant, AIRBNB. Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, was acting under Defendant AIRBNB's authority, direct supervision, employment and/or control when the wrongful and negligent acts described herein were committed. Defendants Farm Club, Fernandez and/or Olson, which in turn subcontracted with the security company and the security guards, engaged in this conduct while acting in the course and scope of their employment and/or apparent agency and/or actual agency with Defendant AIRBNB and/or accomplished the described conduct by virtue of their apparent authority.

349. Defendant, AIRBNB, granted Defendants Farm Club, Fernandez and/or Olson authority to perform as an agent within the AIRBNB rented Farm House and otherwise held Defendants Farm Club, Fernandez and/or Olson out to the community as a fit and competent agent

of the resort. Defendants Farm Club, Fernandez and/or Olson and their security company and security guards committed the acts alleged within the apparent authority arising from the agency. Said conduct was undertaken in the course and scope of Defendants Farm Club, Fernandez and/or Olson and their security company and security guards' employment and/or agency regarding rental of the Farm House and/or was ratified by Defendant, AIRBNB.

350.    Defendants Farm Club, Fernandez and/or Olson and their security company and security guards were acting at least in part to serve the interests of Defendant, AIRBNB, when Defendants Farm Club, Fernandez and/or Olson and their security company and security guards committed the negligent acts described herein.  Specifically, Defendants Farm Club, Fernandez and/or Olson and their security company and security guards were acting as an agent, as well as using the trust, power and authority of the position granted, while engaging with Plaintiffs. Simultaneously, Defendants Farm Club, Fernandez and/or Olson and their security company and security guards used that same power and authority to gain Plaintiffs' confidence and promise them Safety and Trust.

351.    The harm to Plaintiffs caused by Defendants Farm Club, Fernandez and/or Olson and their security company and security guards was a foreseeable and well-known hazard of the industry as evidenced by AIRBNB's need to promise Safety and Trust.

352.    Because of the Defendants Farm Club, Fernandez and/or Olson and their security company and security guards negligent and  tortious conduct during their agency relationship with Defendant AIRBNB while within the course and scope of their agency and employment, Defendant AIRBNB under the law of vicarious liability, including the doctrine of respondeat superior.

353.     As a direct and proximate result of Defendant AIRBNB's breach of duties owed to Plaintiffs described herein, Benjamin suffered physical pain and suffering, emotional distress, loss of personal property, and other damages in an amount in excess of $75,000.

**WHEREFORE,** Plaintiff Allyson Esposito as Mother and Next Friend of Toddler Janie Doe seeks judgment for damages in excess of One and One Half Million Dollars ($1,500,000) against the Defendant AIRBNB, plus costs and a trial by jury on all issues so triable.

<div align="center">

**COUNT XXXI**
**ALL PLAINTIFFS**
**RICO CIVIL ACTION AGAINST AIRBNB**

</div>

354.     Plaintiff Allyson Esposito as Mother and Next Friend of Toddler Janie Doe re-alleges and incorporates paragraphs 1-83 and makes them paragraph 354 hereof.

355.     At all times material hereto, the actions of Defendant AIRBNB as set forth herein constitute unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

356.     AIRBNB is a catalyst for failure to comply with laws, rules and/or regulations.

357.     While Defendant AIRBNB requires Hosts to represent and warrant that their listings do not breach condominium, lease or rental agreements or homeowners' association pacts and that the hosts comply with zoning and other applicable laws and are based upon Trust and Safety, Defendant AIRBNB takes no measures to confirm such agreements, pacts, laws, and whether any particular rental property is Safe.

358.     Defendant, AIRBNB, charges a percentage from Hosts and renters but does not investigate and/or monitor property Safety and/or Safety standards.

359.     With respect to AIRBNB units and properties not located in a zoning district that permits transient occupancy and commercial use of a residential dwelling unit, Defendant, AIRBNB, is aiding and abetting wrongful activity.

360.     Defendant, AIRBNB, is operating a continuing enterprise by effectively converting residential units into vacation rentals without complying with any applicable Safety and/or regulatory standards.

361.     The specific wrongdoers, other than the formal party Defendants listed above, include but are not limited to:

a)     Brian Chesky, an AIRBNB corporate officer
b)     Nathan Blecharczyk, an AIRBNB corporate officer
c)     Joseph Gebbia, an AIRBNB corporate officer;
d)     Jeffrey Jordan, an AIRBNB corporate officer;
e)     Alfred Lin, an AIRBNB corporate officer;
f)     Laurence Tosi, an AIRBNB corporate officer; and
g)     Defendant Farm Club
h)     Defendant Fernandez
i)     Defendant Olson

362.     These persons, individually, and in concert with one another, commit the acts set forth above as part of an "enterprise" and common plan for the purpose of inducing transactions and generating profits, and further:

a)     made material misrepresentations about the Trust and Safety with respect to renting AIRBNB accommodations including the subject matter AIRBNB Farm House;

b)     made material misrepresentations about performing security analyses to assess risk to Hosts and guests of the Farm House;

c)     charged a percentage from hosts and renters, and collected revenue, but failed to pay accommodation taxes in violation of multiple state and federal statutes including , but not limited to, F.S. 817.034 and 501.201 and 559.928 and 210.65;

f)     made material misrepresentations of safety and alleged utilizing qualified, scientific and trustworthy "analytics" to assure patron safety, for the purpose of inducing

transactions for profit in violation of multiple state and federal statutes including, but not limited to, F.S. 817.034 and 501.201 and 559.928;

g) AIRBNB's website claims to be "the easiest way for people to monetize their extra space and showcase it to an audience of millions." However, an increasing amount of AIRBNB's activity, including the activity relating to the subject matter Farm Club and property, does not originate from the listings of "regular people" who are merely renting out a spare room. Instead, professional landlords are providing availability exclusively for tourists, and bypassing and/or intentionally violating commercial laws and regulations promulgated for the safety of patrons. Contrary to its description of promoting activities of "regular people hosting regular people" AIRBNB has mushroomed into a platform that provides for commercial landlords and multi-property agents to earn substantial income operating *de facto* hotels while violating commercial laws and regulations promulgated for the safety of patrons;

363. These acts set forth in the preceding allegations are estimated to have been committed by the Defendant AIRBNB, and persons enumerated herein, more than thousands of times, and are furthermore continuous and have been ongoing from 2010 to present.

364. Plaintiffs' injuries were the direct result of Defendant AIRBNB's acts, and the result of being induced by Defendant AIRBNB, to travel to the subject matter AIRBNB villa resort, to entrust her person and property to the subject matter AIRBNB villa resort, and to pay a fee to Defendant AIRBNB, which was the preconceived purpose of Defendant's commission of the acts set forth herein, and the specifically intended consequences of the Defendant AIRBNB's racketeering activities.

365.    Defendant AIRBNB's racketeering activities were a substantial and foreseeable cause of Plaintiffs' injuries and the connection between such activities and such result is logical and not speculative.

366.    As a direct and proximate result of such racketeering activities, Plaintiffs suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiffs and each of them seek judgment for damages against each Defendant- AIRBNB, Farm Club, Fernandez and/or Olson s in an amount in excess of One and One-half Million Dollars ($1,500,000), plus costs and a trial by jury on all issues so triable.

<div align="center">

**COUNT XXXII**
**ALL PLAINTIFFS**
**AGAINST ALL DEFENDANTS, JOINTLY AND SEVERALLY,**
**FOR VIOLATION OF RIGHT OF PRIVACY**

</div>

367.    Plaintiffs jointly and separately re-allege and incorporate paragraphs 1-83 and make them paragraph 367 hereof.

368.    Defendants, and each of them, violated Plaintiffs privacy rights by allowing an unwarranted intrusion into their private concerns and interests in unlawfully disclosing and disseminating their confidential information to the security company and guards and in turn the Assailants and in the guards' actions in sneaking up on the rental property and peering into the sliding door windows without consent.

369.    Such intrusions into Plaintiffs' privacy were substantial and caused physical and mental suffering.

370.    As a direct and proximate result of such racketeering activities, Plaintiffs suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiffs, and each of them, seek judgment for damages against each Defendant- AIRBNB, Farm Club, Fernandez and/or Olson in an amount in excess of One and One-half Million Dollars ($1,500,000), plus costs and a trial by jury on all issues so triable.

<div align="center">

**COUNT XXXIII**
**ALL PLAINTIFFS AGAINST AIRBNB, MATIAS JOSE FERNANDEZ**
**AND LINDSAY OLSON, JOINTLY AND SEVERALLY, FOR DECEPTIVE**
**ADVERTISING IN VIOLATION OF FEDERAL LAW**

</div>

371.    Plaintiffs jointly and separately re-allege and incorporate paragraphs 1-370 and make them paragraph 371 hereof.

372.    Pursuant to the Federal Lanham Act, 15 U.S.C. § 1125, Plaintiffs, and each of them, bring this action for falsely advertising and misrepresenting the nature, characteristics, qualities of goods or services, which misrepresentations Defendants knew to be untrue or misleading intending Plaintiffs to rely thereon to Plaintiffs' detriment.

373.    Defendants jointly and severally made false claims that they were trust-worthy and concerned about renters' safety, that they engaged in measures to assure the safety of its renters, and here in particular advertised the safety and security of the property and the renters by advertising the property as a gated community with security guards who monitor the property and which poetry contained fake security cameras and for which Defendants provided no keys.

374.    As a direct and proximate result of such racketeering activities, Plaintiffs suffered physical pain and suffering, emotional distress, loss of personal property, and other damages an amount in excess of $75,000.

**WHEREFORE,** Plaintiffs and each of them seek judgment for damages against each Defendant- AIRBNB, Farm Club, Fernandez and/or Olson in an amount in excess of One and One-half Million Dollars ($1,500,000), plus costs and a trial by jury on all issues so triable.

Dated this 5th day of May, 2020

<div style="margin-left:40%">

**Britton Esposito, Christian Fresno, Benjamin Kutylo, Allyson Esposito and Allyson Esposito as Mother and Next Friend of Janie Doe**,
Plaintiffs,

By:    /s/ Nicholas F. Esposito
One of Their Attorneys

</div>

Nicholas F. Esposito, ARDC 0755176
Bradley K. Staubus, ARDC 6230326
Esposito & Staubus LLP
7055 Veterans Blvd., Unit B
Burr Ridge, Illinois 60527
(312) 346-2766
nfe@eslaw500.com
bks@eslaw500.com