UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRITTON ESPOSITO, CHRISTIAN FRESNO, BENJAMIN KUTYLO, ALLYSON ESPOSITO, and ALLYSON ESPOSITO, as Mother and Next Friend of JANIE DOE, a Minor, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 20 C 2713  Judge Gary Feinerman |
| Plaintiffs, | | |
| vs. | | |
| AIRBNB ACTION, LLC, AIRBNB PAYMENTS, INC., AIRBNB, INC., PUERTO PANAL FARM CLUB PROPERTY ASSOCIATION AND ASSOCIATION BOARD, MATIAS JOSE FERNANDEZ, LINDSAY OLSON, and OTHER OWNER(S) AND/OR AIRBNB HOSTS OF FARM HOUSE CHAKRA 82, BUENOS AIRES, ARGENTINA, | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Five guests at an Airbnb vacation rental near Buenos Aires, Argentina seek to hold their Argentine hosts and three Airbnb entities liable for an armed robbery that occurred during their stay. Doc. 1. The Airbnb entities (collectively, "Airbnb") move to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, or, in the alternative, to transfer the suit to the Western District of Arkansas under 28 U.S.C. § 1404(a). Doc. 27. The suit is transferred to the Western District of Arkansas.

**Background**

In resolving a § 1404(a) motion, the court accepts the complaint's well-pleaded factual allegations, as supplemented by the parties' evidentiary materials, and draws all reasonable inferences in Plaintiffs' favor. *See Deb v. SIRVA, Inc.*, 832 F.3d 800, 808-09 (7th Cir. 2016). The facts are set forth as favorably to Plaintiffs as the relevant materials permit. *See ibid.* In

1

setting forth the facts at this stage, the court does not vouch for their "objective truth." *Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Plaintiffs Britton Esposito and Christian Fresno were married on November 14, 2019 in Buenos Aires. Doc. 1 at ¶ 45. Christian is a citizen of Argentina and resides there. *Id.* at ¶¶ 11, 19. Britton attends medical school in Argentina, but she is an American citizen who remains domiciled in Cook County, Illinois, returning to her parents' home there for three months each year. *Id.* at ¶¶ 11, 18; Doc. 17 at 7. Plaintiff Allyson Esposito, Britton's sister, attended the wedding with her husband, Plaintiff Benjamin Kutylo, and their young daughter, Plaintiff Janie Doe. Doc. 1 at ¶¶ 20-21, 44-45. Allyson, Benjamin, and Janie reside in Benton County, Arkansas, *id.* at ¶¶ 11, 20-21, which lies in the Western District of Arkansas, *see* 28 U.S.C. § 83(b).

On or about October 3, 2019, Allyson used Airbnb's website to rent the "Farm House," a vacation rental home in a gated community near Buenos Aires, for a three-day stay shortly after the wedding. Doc. 1 at ¶¶ 42, 46-47; Doc. 28-1 at ¶ 33; Doc. 38-5 at 2. As Plaintiffs' counsel acknowledged during the motion hearing, Doc. 42, Allyson was in Arkansas when she made the reservation. Defendants Matias Jose Fernandez and Lindsay Olson, who are Argentine citizens, own the Farm House and rented it to Allyson over Airbnb. Doc. 1 at ¶¶ 17, 46.

Plaintiffs arrived at the Farm House on November 20. *Id.* at ¶¶ 49-54. Shortly before midnight, four masked men invaded the home, brandished guns and knives, and bound and gagged the adult plaintiffs. *Id.* at ¶¶ 57-58, 60-61, 63, 65. The assailants stole cash and jewelry and then left. *Id.* at ¶¶ 60, 62-63, 68. Britton, Allyson, and Benjamin suffered injuries that required medical treatment. *Id.* at ¶¶ 74-76; Doc. 17 at 7-8.

**Discussion**

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought … ." 28 U.S.C. § 1404(a). Transfer under § 1404(a) "is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Law Bulletin Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998); *see also Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 62 (2013) ("In the typical case … , a district court considering a § 1404(a) motion … must evaluate both the convenience of the parties and various public-interest considerations."); *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) ("The statutory language … is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice."). The moving party bears the burden of demonstrating that a transfer is clearly warranted. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219.

As to the first step of the transfer analysis, venue is proper in the Western District of Arkansas, the proposed transferee court, because "a substantial part of the events or omissions giving rise to the claim occurred" in that District. 28 U.S.C. § 1391(b)(2). In particular, Benton County, Arkansas is where Allyson made the reservation for the Farm House, and it also is where Allyson and Benjamin received medical treatment for the injuries they sustained during the robbery. Doc. 1 at ¶¶ 46, 75-76; Doc. 17 at 8; *see Schwarz v. Nat'l Van Lines, Inc.*, 317 F.

Supp. 2d 829, 834 (N.D. Ill. 2004) (holding that venue was proper in the District of Arizona under § 1391(b)(2) given that the plaintiff "entered into the contract in Arizona").

The next step in the § 1404(a) analysis looks to convenience. The convenience factors include: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience [of] the parties." *Law Bulletin Publ'g*, 992 F. Supp. at 1017. The first factor nominally favors this District. A plaintiff's choice of forum typically deserves "substantial weight, particularly when it is his home forum." *Baker v. Smith & Wesson Corp.*, 2019 WL 277714, at *3 (N.D. Ill. Jan. 22, 2019). This District is Britton's home forum in that she is domiciled in Cook County, Doc. 1 at ¶ 11, although she spends nine months of the year in Argentina, Doc. 17 at 7. That said, "where the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value." *Dunn v. Soo Line R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994) (quotation omitted); *see also Carter v. Baldwin*, 2017 WL 3310976, at *2 (N.D. Ill. Aug. 3, 2017) ("[A] plaintiff's choice of forum merits less deference where the events giving rise to the suit did not occur there."). Britton's choice of forum only weakly favors this District.

The other convenience factors favor the Western District of Arkansas. As noted, this District is not the situs of any material event in this case, with the sole exception of some medical treatment that Britton received after the robbery. Doc. 17 at 7. Most of the material events occurred in Argentina. The most important event that took place in the United States—Allyson's reserving the stay at the Farm House—occurred in Arkansas. The locations where each plaintiff agreed to Airbnb's terms of service could also be significant, and it appears that no plaintiff did so in this District. Doc. 28-2 at 71 (reflecting that Britton agreed to the terms of

4

service on April 29, 2019); Doc. 17 at 7 (Plaintiffs' assertion that Britton lives in Cook County only from December to February). Finally, Allyson and Benjamin received medical treatment in Rogers, Arkansas. Doc. 17 at 8.

No significant sources of proof are in Illinois. Again, Argentina is home to most of the key evidence. The domestic jurisdictions with important evidence are Arkansas, the home of the only plaintiffs who reside full-time in the United States, and California, where Airbnb has its headquarters. Doc. 1 at ¶¶ 12, 20-21. Plaintiffs point out that Airbnb's third-party claims adjuster has forwarded the pertinent case file to its office in Illinois. Doc. 38 at 4; Doc. 39-5 at ¶¶ 3, 5. It is unclear what exactly that file contains, and Plaintiffs did not submit a claim to the adjuster before filing this lawsuit. Doc. 39 at ¶ 2; Doc. 39-5 at ¶¶ 4-6. In any event, the presence of those records in Illinois has little weight because they can be easily transported. *See Moore v. Magiera Diesel Injection Servs., Inc.*, 2019 WL 2502029, at *3 (N.D. Ill. June 17, 2019) ("The location of documentary evidence does not affect the analysis, because in this day and age, documents can easily be transferred from place to place.").

The convenience of witnesses and parties similarly weighs in favor of the Western District of Arkansas as the only domestic jurisdiction with a significant connection to this suit. Allyson and Benjamin, two of the adult plaintiffs, reside in Arkansas. They received treatment from medical providers in Arkansas who also could be material witnesses. Britton lives most of the year in Argentina, and all other parties and non-party witnesses are in Argentina as well. Plaintiffs argue that the Northern District of Illinois is nevertheless the more convenient forum because O'Hare International Airport is better for international travel than "any airport in Arkansas." Doc. 38 at 5-6. But neither O'Hare nor Fayetteville's Northwest Arkansas National Airport has any direct flights to Buenos Aires. *See* Chi. Dep't of Aviation, International Non-

5

stop Daily Departures (Sept. 2020),

https://www.flychicago.com/SiteCollectionDocuments/O%27Hare/MyFlight/INTLnonstops.pdf;

Nw. Ark. Nat'l Airport Auth., Direct Flights from XNA (2020),

https://www.flyxna.com/destinations. Buenos Aires is a long journey from both Arkansas and Illinois, but at least Allyson and Benjamin would not need to travel if this case were tried in the Western District of Arkansas. In sum, the convenience factors favor transfer.

The court next evaluates the interest-of-justice factors. "The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation*, 626 F.3d at 978. The interest-of-justice factors are "docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Ibid*. (citations omitted). Considered together, those factors favor the Western District of Arkansas.

As to the first factor, the expected speed of case resolution is faster in the Western District of Arkansas. There is little difference in the median time from filing to disposition: 11.2 months in this District, and 10.8 months in the Western District of Arkansas. *See* Admin. Office of the U.S. Courts, United States District Courts—National Judicial Caseload Profile 47, 55 (June 30, 2020),
https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2020.pdf. But the median time from filing to trial is 41.3 months in this District and only 14.3 months in the Western District of Arkansas. *Ibid*.

The second factor, familiarity with applicable law, is neutral. Airbnb's terms of service provide that, for United States residents, the terms are interpreted in accordance with California

6

law. Doc. 28-2 at 48, § 21.1. As to claims unrelated to the terms of service, Plaintiffs have not identified any difference in the substantive state law that might ultimately apply. Nothing indicates that the law governing this dispute would be more familiar to this court than to a judge of the Western District of Arkansas.

The third and fourth factors—the desirability of resolving the controversy in each locale and the relationship of each community to the controversy—strongly favor transfer. Again, the only full-time United States residents allegedly harmed by Defendants' actions live in Arkansas, and the Farm House reservation was made from Arkansas. The Western District of Arkansas's community has a greater stake in the litigation.

The attentive reader will notice that the court has skipped one aspect of the § 1404(a) analysis. Section 1404(a) may be deployed only if venue is proper in the district where the case was filed. *See* Arthur R. Miller, 15 Federal Practice and Procedure § 3844 (4th ed. 2020) ("Transfer is possible under Section 1404(a) only if the transferor court is a proper venue under the applicable venue provisions."). It is unnecessary in this instance to determine whether venue is proper in this District, however, because if venue were improper, the court would transfer this case to the Western District of Arkansas under § 1406(a), which allows transfer from a district where venue is improper to a district where venue is proper. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008).

The one remaining fly in the ointment is choice of law. If a case is transferred under § 1404(a), the transferor state's choice-of-law rules govern, while if a case is transferred under § 1406(a), the transferee state's choice-of-law rules govern. *See Steen v. Murray*, 770 F.3d 698,

7

701 (8th Cir. 2014); *Gerena v. Korb*, 617 F.3d 197, 204 (2d Cir. 2010); *see also Edwardsville Nat. Bank & Tr. Co. v. Marion Labs., Inc.*, 808 F.2d 648, 650 (7th Cir. 1987) (assuming without deciding that transferee choice-of-law rules apply after a transfer under § 1406(a)). So it may matter in some cases whether a suit is transferred under § 1404(a) or under § 1406(a).

It is unnecessary to resolve that question here because Airbnb effectively concedes that venue is proper in this District. Plaintiffs argue that venue lies in this District under 28 U.S.C. § 1391(b)(1), which provides venue in "a judicial district in which any defendant resides." Doc. 17 at 5. For venue purposes, Airbnb is deemed to reside "in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). The venue question thus turns on whether this court has personal jurisdiction over Airbnb. A defendant may consent to personal jurisdiction, *see Heller*, 883 F.2d at 1290, and Airbnb essentially does so here by seeking a § 1404(a) transfer rather than a § 1406(a) transfer, Doc. 27 at ¶ 5. In so doing, Airbnb forfeited, if not waived, any argument that venue does not lie in this District.

## Conclusion

Airbnb's § 1404(a) motion to transfer is granted, and the suit is transferred to the Western District of Arkansas. The other aspects of Airbnb's motion are denied without prejudice to renewal in the transferee court.

November 20, 2020

_____
United States District Judge